UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RICKY W. JESTER, | ) | |
| | ) | |
| Movant, | ) | |
| vs. | ) | Case No. 3:11-cv-170-WTL-WGH |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

Having considered the pleadings and the expanded record, and being duly advised, the Court finds that Ricky Jester's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and that a Certificate of Appealability should not issue.

## I. Background

On March 12, 1997, Jester was found guilty in the Southern District of Indiana of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on June 10, 1997, to a term of imprisonment of 46 months, to be followed by three years of supervised release. But Jester has not yet been committed to the Bureau of Prisons to serve this sentence. *See Exhibit A*, Declaration of Jennifer Wrede [dkt 9-1]. This is because on April 4, 1997, after he was convicted, but before he was sentenced, Jester was charged in Vanderburgh Circuit Court with murder and conspiracy to commit murder. He was convicted on these counts and sentenced on March 5, 1998. Based on that conviction, he is currently in the custody of the Indiana Department of Correction at the Wabash Valley Correctional Facility.

Sometime in 2011, Jester received a copy of a detainer based on the federal judgment against him. *See* Jester's Motion, *Exhibit B*, Dkt 1-1, pg. 53. This detainer directs Jester's state custodian to turn him over to federal custody upon completion of his state sentence. Receipt of

this detainer prompted Jester to file this § 2255 motion. Jester argues that his federal sentence is in excess of the maximum allowed by law.

## II. Discussion

A motion pursuant to § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343-44 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Jester argues that he is entitled to relief pursuant to 28 U.S.C. § 2255 because his federal sentence is excessive. Specifically, he argues that he began serving his federal sentence on the date he was sentenced, June 10, 1997, and that he has since served that entire sentence. The United States counters that Jester has never been taken into federal custody and therefore has not commenced serving his federal sentence. *See Exhibit A*, Declaration of Jennifer Wrede [dkt 9-1]. The United States also argues that Jester's § 2255 motion is barred by the statute of limitations and that Jester has procedurally defaulted on the issue of whether his sentence is excessive. Because the Court discerns the issue raised to be whether Jester has completed his federal sentence, that is the issue that will be addressed.[1]

Jester asserts that he completed his federal sentence, while the United States argues that he has not yet begun serving it and will not begin to serve it until he completes his state sentence. It is true that the "federal district court has the . . . power to impose a federal sentence that is not to commence until service of an existing state sentence for an unrelated offense has been

---

[1] To the extent that Jester may be understood to argue that the length of the sentence imposed on him in this Court is excessive, that argument has no merit because there is no disagreement that the 46-month sentence is well within the maximum authorized by law.

completed." *Pinaud v. James*, 851 F.2d 27, 30 (2d Cir. 1988) (citing *Salley v. United States,* 786 F.2d 546, 547 (2d Cir. 1986) ("right of federal judges to impose such a sentence has been recognized for many years") (citing cases); *Green v. United States,* 334 F.2d 733, 736 (1st Cir.1964) ("[c]ertainly there is no impropriety ... in imposing a federal sentence to commence upon completion of a state sentence presently being served")). Jester admits that he has never been committed to federal custody. He explains that at the time of his federal sentencing, he "was being held in the Vanderb[urgh] County Jail awaiting a case." Based on a review of record, the Court finds that Jester has not begun serving his federal sentence. Jester was convicted in federal court of being a felon in possession of a firearm and was then returned to state custody to face trial on the murder charges against him. There is no evidence that he has ever been committed to federal custody or that his federal sentence has ever commenced. That sentence is therefore not complete and Jester's motion for relief pursuant to § 2255 must be **denied**.

### III. Conclusion

For the reasons explained above, Jester is not entitled to relief in this action. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue. A copy of this Entry and of the accompanying Judgment shall be entered in the underlying criminal action, Case No. EV96-cr-26.

Jester's request for a hearing and for counsel [dkt 16] is **denied as moot**. His request for an extension of time [dkt 16] is **granted** to the extent that each of his filings has been considered timely filed.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Jester has failed to

show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 04/23/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ricky W. Jester
#983966
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

All electronically registered counsel